## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              Case No. 4:14-cr-00057-001 KGB

MARCUS ALLEN                                                      DEFENDANT

### ORDER

On November 17, 2014, the Court conducted a second pretrial conference with counsel for the United States, defendant Marcus Allen, and standby counsel for Mr. Allen.  The Court made the following rulings and addressed the following matters:

1.      Before the Court is *pro se* defendant Marcus Allen's motion to amend motion for impeachment of the agent (Dkt. No. 85), motion *in limine* (Dkt. No. 91), and motion to amend response to United States' motion *in limine* (Dkt. No. 92).

2.      The Court denies Mr. Allen's motion to amend motion for impeachment of the agent because impeachment is not a pretrial matter (Dkt. No. 85).  This denial in no way forecloses Mr. Allen from cross-examining or impeaching the agent on matters raised in Mr. Allen's filing if the agent testifies at trial.  The Court also denies Mr. Allen's motion to amend response to United States' motion *in limine* (Dkt. No. 92) for the reasons stated in the Court's prior Orders (Dkt. Nos. 48, 59, 71, 87).

3.      The Court denies Mr. Allen's motion *in limine* (Dkt. No. 91).  Mr. Allen argues that the following evidence should be excluded:  (1) any recorded statements made by Mr. Allen post-*Miranda* warnings without a lawyer present; (2) any recorded statements made by Mr. Allen under duress; (3) any information of a confidential informant or confidential source about alleged criminal activity; and (4) any reference to Mr. Allen's criminal history.  Mr. Allen states

that introduction of such evidence will "prejudice the defendant, mislead the jury, and would tend to frustrate the fair administration of justice by violating Rules 401, 403, 404(b) and 802 of the Federal Rules of Evidence as well as the defendant's rights under the Fifth and Sixth Amendments" (Dkt. No. 91, at 2).

Mr. Allen contends that, after being arrested, before being given a *Miranda* warning, and before the questioning that is reflected in his recorded statement began, law enforcement told Mr. Allen that the woman in the house with Mr. Allen at the time the search warrant was executed would be arrested if Mr. Allen did not "take all of the charges." Mr. Allen contends this exchange with the agent was not recorded and lead to Mr. Allen's duress.

As for recorded statements made by Mr. Allen, Mr. Allen acknowledges that these statements were given after Mr. Allen received *Miranda* warnings without a lawyer present. Mr. Allen acknowledges that he did not ask for a lawyer during the questioning and did not invoke his right to remain silent until he spoke with a lawyer. Under the circumstances, he claims he was allegedly under duress.

A defendant's statement given after *Miranda* warnings have been given need be suppressed only if the statement was involuntary. *United States v. Rodriguez-Hernandez*, 353 F.3d 632, 635 (8th Cir. 2003) (citing *Oregon v. Elstad*, 470 U.S. 298, 309 (1985); *United States v. Villalba-Alvarado*, 345 F.3d 1007, 1010, 1013 (8th Cir. 2003)). To determine the voluntariness of a statement, the Court examines "the totality of the circumstances to determine whether pressures exerted by authorities overwhelmed the defendant's will. Coercive police activity is a necessary predicate to finding that a confession is not voluntary in the constitutional sense." *Rodriguez-Hernandez*, 353 F.3d at 636 (citations omitted) (internal quotation marks omitted). "The appropriate test for determining the voluntariness of a confession is whether the

confession was extracted by threats, violence, or direct or implied promises, such that the defendant's will was overborne and his capacity for self-determination critically impaired." *United States v. Astello*, 241 F.3d 965, 967 (8th Cir. 2001) (citations omitted). "Obviously, interrogation of a suspect will involve some pressure because its purpose is to elicit a confession." *United States v. Martin*, 369 F.3d 1046, 1055 (8th Cir. 2004) (quoting *Astello*, 241 F.3d at 967). "[A] raised voice, deception, or a sympathetic attitude on the part of the interrogator will not render a confession involuntary unless the overall impact of the interrogation caused the defendant's will to be overborne." *Id.* (internal quotation marks omitted).

Considering the totality of the circumstances, the Court determines that there is no evidence of coercive police activity. Mr. Allen argues that, before he was given *Miranda* warnings, Mr. Allen was told that a woman also at the house would be arrested if Mr. Allen did not take ownership of all illegal items in the house. The context of Mr. Allen's statements, as found in the transcript of the interrogation, does not appear to support his claim. Regardless, even if Mr. Allen were told that the consequence of his not confessing would be that the police would consider other suspects, this is not police activity so coercive as to overwhelm Mr. Allen's will and critically impair Mr. Allen's capacity for self-determination. *Cf.* United States v. Santos-Garcia, 313 F.3d 1073, 1079 (8th Cir. 2002) ("[T]elling [the] defendant in a noncoercive manner of the realistically expected penalties and encouraging [him] to tell the truth is no more than affording [him] the chance to make an informed decision with respect to [his] cooperation with the government." (citations omitted) (internal quotation marks omitted)). Mr. Allen was given *Miranda* warnings before making the statements, and there is no evidence that Mr. Allen was particularly susceptible to being coerced or that police used a deceptive or a deliberate

strategy to circumvent the requirements of *Miranda*. *See United States v. Briones*, 390 F.3d 610, 613 (8th Cir. 2004) (citing *Missouri v. Seibert*, 542 U.S. 600 (2004)).  Accordingly, the Court denies Mr. Allen's motion *in limine* as to recorded statements made by Mr. Allen.

The Court also denies Mr. Allen's motion *in limine* as to any information of a confidential informant or confidential source about alleged criminal activity and any reference to Mr. Allen's criminal history for the reasons stated in the Court's prior Orders (Dkt. Nos. 48, 59, 71, 87).

4.      Counsel for the United States presented the Court for its review the transcript of Mr. Allen's statement.  That statement references on several pages potential punishment.  The United States previously filed, and the Court granted, a motion and amended motion *in limine* regarding punishment (Dkt. Nos. 74, 75).  Hearing additional argument on these motions today in the light of Mr. Allen's recorded statement, the Court determines that the United States may introduce Mr. Allen's recorded statement in its entirety.  In the *in limine* context, the Court will not restrict the parties questioning on Mr. Allen's statement or issues raised by the statement, including but not limited to potential punishment.  The parties are directed to object as the parties deem appropriate throughout the trial, including but not limited to testimony, references, and argument regarding punishment, and the Court will rule on the specific objections made at the time.  The Court acknowledges that Eighth Circuit Model Jury Instruction 3.12 states that any sentence to be imposed in the event that a defendant is found guilty is the responsibility of the Court and that the jury is not to consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.  *See* Fed. R. Evid. 401, 402.

5.      After consultation with standby counsel and the Court, Mr. Allen opts to proceed to trial in his jail uniform and to forgo the opportunity to request street clothes.

6.      Counsel for the United States, Mr. Allen, and Mr. Allen's standby counsel do not object to the Court's proposed introduction of Mr. Allen and his standby counsel to the jury.

7.      The Court raised with the parties and counsel several issues to consider in regard to opening statement.

8.      The Court will inquire of the jury panel about the topics requested by counsel for the United States, with no objection from Mr. Allen.

SO ORDERED this 17th day of November, 2014.

_Kristine G. Baker_

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE