IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                         Case No. 4:14-cr-00057-001 KGB

MARCUS ALLEN                                                                             DEFENDANT

## ORDER

Before the Court is defendant Marcus Allen's *pro se* motion for a judgment of acquittal (Dkt. No. 111). The Government filed a response to Mr. Allen's motion (Dkt. No. 112), to which Mr. Allen replied (Dkt. No. 114). The Court notes that, although Mr. Allen wrote the Court on December 9, 2014, that he had not "received any information [that his motion] was filed" (Dkt. No. 116), Mr. Allen's December 10, 2014, reply clarifies that Mr. Allen subsequently received the Government's response. For the reasons below, the Court denies Mr. Allen's motion for a judgment of acquittal.

"A motion for judgment of acquittal should only be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any essential elements of the crime charged." *United States v. Pardue*, 983 F.3d 843, 847 (8th Cir. 1993) (quoting *United States v. Mundt*, 846 F.2d 1157, 1158 (8th Cir. 1988)). In other words, the Court must determine whether "a reasonable fact finder could have found guilt beyond a reasonable doubt." *Id.* (quoting *United States v. Garrett*, 948 F.2d 474, 476 (8th Cir. 1991)). The Court "can neither weigh the evidence nor assess the credibility of the witnesses." *Id.* (citing *Burks v. United States*, 437 U.S. 1, 16 (1978)).

Mr. Allen makes two arguments in support of his motion for a judgment of acquittal. First, Mr. Allen argues that the Government did not prove beyond a reasonable doubt criminal

activity at 7815 Burnelle before the search and that the Government did not prove beyond a reasonable doubt that Mr. Allen sold drugs to the Government's witness (Dkt. No. 111, at 1). However, criminal activity at the search location prior to the search is not an element of any crime with which Mr. Allen was charged and of which he was found guilty. *See United States v. Finch*, 630 F.3d 1057, 1060 (8th Cir. 2011) (providing that elements of possession with intent to distribute a controlled substance offense are knowing possession and intent to distribute it); *United States v. Saddler*, 538 F.3d 879, 888 (8th Cir. 2008) (providing that elements of possession of firearm in furtherance of drug trafficking offense are commission of a drug trafficking crime and possession of a firearm in furtherance of that crime); *United States v. Jones*, 266 F.3d 804, 813 (8th Cir. 2001) (providing that elements of felon-in-possession offense are a prior felony conviction, knowing possession of a firearm, and an interstate nexus). Further, while the Government was required to prove intent to distribute the drugs present at 7815 Burnelle on March 6, 2013, proof that Mr. Allen sold drugs to the Government's witness was only part of the Government's attempt to do so. Viewing the evidence presented at trial in the light most favorable to the Government, the Court determines that a reasonable factfinder could have found guilt beyond a reasonable doubt. *See Pardue*, 983 F.3d at 847.

Second, Mr. Allen argues that the testimony of the Government's witness was "inflammatory and hearsay evidence me[a]nt to mislead the jury and prejudice the defendant . . . due to the fact . . . there had not been a 'controlled buy' between the two parties to establish proof of criminal activity before the search of 7815 Burnelle[, s]o the testimony was plain hearsay evidence." (Dkt. No. 111, at 3). For an objection to be timely, "it must be made at the earliest possible opportunity after the ground of objection becomes apparent, or it will be considered waived." *Terrell v. Poland*, 744 F.2d 637, 638-39 (8th Cir. 1984). Even if alleged

hearsay evidence was offered at trial by Government witnesses, because Mr. Allen did not object to the alleged hearsay evidence at trial, that objection is waived. If not waived, even now Mr. Allen does not point to any specific testimony of the Government's witness as hearsay but to the testimony as a whole. However, any statement made by Mr. Allen to the witness was not hearsay, *see* Fed. R. Evid. 801(d)(2)(A), and, despite Mr. Allen's arguments to the contrary, the absence of a controlled buy does not make the witness's testimony hearsay.

To the extent that Mr. Allen argues that the witness's testimony should have been excluded under Federal Rule of Evidence 403, that objection was not made at the time of trial. Further, the Court determines that the probative value of such testimony was not substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403. To the extent Mr. Allen argues that the witness was not credible, the Court cannot assess the credibility of the witness in deciding a motion for a judgment of acquittal. *Pardue*, 983 F.3d at 847.

Lastly, to the extent Mr. Allen attempts to relitigate the issue of whether the search warrant was supported by probable cause or the Court's exclusion of such arguments at trial—which he appears to do both in his motion (Dkt. Nos. 111, 114) and in later correspondence sent to the Court (Dkt. No. 115)—the Court declines to reconsider its prior Orders on these issues, which were based on the arguments before the Court at that time (Dkt. Nos. 48, 59, 71, 87). The Court again notes that whether the search warrant was supported by probable cause, and thus whether evidence found during execution of the search warrant was admissible at trial, was a question of law for the Court to decide and not an essential element of the crimes with which Mr. Allen was charged and of which he was found guilty.

For all of these reasons, the Court denies Mr. Allen's motion for a judgment of acquittal.

SO ORDERED this 6th day of January, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE