## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v.   Case No. 4:14-cr-00057-001 KGB<br>Related Case No. 4:17-cv-00346 KGB | |
| **MARCUS ALLEN** | **DEFENDANT** |

### ORDER

Before the Court are a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) and motion to amend Rule 60(b)(6) motion by adding additional supported evidence and argument in proving racial discrimination, a second motion to amend Rule 60(b)(6) by adding additional supporting evidence and argument in proving racial discrimination, a motion to amend Rule 60(b) motion to include "prosecutorial misconduct" as a merit for relief from judgment under Rule 60(b)(6), and a motion to amend Rule 60(b)(6) motion by adding additional supporting evidence and argument in proving racial discrimination and prosecutorial misconduct (Dkt. Nos. 258–60, 265–66).  Mr. Allen also has filed a motion for post-conviction evidentiary hearing in relation to motion for relief from judgment under Rule 60(b)(6), motion for relief hearing, motion for immediate release from F.B.O.P. custody, motion of production, a second motion of production, a motion to compel Court to recognize crime victim's rights, a motion for jury demand, and a fourth motion of production  (Dkt. Nos. 261–64, 267–70).  In his motion for relief from judgment under Rule 60(b)(6) and his amendments and supplements to that motion, Mr. Allen claims that the government failed to disclose a report to him because he was *pro se*, thereby, as he maintains, discriminating against him and engaging in prosecutorial misconduct, and that the Court should grant him relief from the judgment in this case.

In prior Orders, this Court denied Mr. Allen's petition for relief under 28 U.S.C. § 2255 and declined to issue a certificate of appealability (Dkt. Nos. 239, 243, 247). The Eighth Circuit Court of Appeals affirmed this Court's decision (Dkt. No. 253). After careful review, the Court concludes that Mr. Allen's current motions filed under Rule 60(b)(6) are a second or successive habeas petition pursuant to 28 U.S.C. § 2255. Before filing a second or successive habeas petition, Mr. Allen must seek permission from the Eighth Circuit Court of Appeals to do so before filing with this Court. It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2255 action by purporting to invoke some other procedure. *See United States v. Patton,* 309 F.3d 1093 (8th Cir. 2002) (per curiam) (collecting cases); *see also Boyd v. United States,* 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (explaining that, if a Rule 60(b) motion is actually a successive habeas petition, the court should dismiss it for failure to obtain authorization from the court of appeals or, in its discretion, transfer the motion to the court of appeals). Mr. Allen does not raise arguments properly asserted in a Rule 60(b) motion. Instead, he asserts claims of constitutional error in his underlying conviction that he did not raise directly in his § 2255 petition. As a result, this Court concludes that Mr. Allen's pending motions are a second or successive habeas petition subject to the requirements of 28 U.S.C. § 2244(b)(3). This Court holds that a certificate of appealability issued by the Eighth Circuit granting permission to file a second or successive § 2255 petition is required.

Under the circumstances, the Court has discretion either to dismiss Mr. Allen's current Rule 60(b) motions or transfer them to the Eighth Circuit Court of Appeals for consideration of precertification. Given the procedural history of this case and the arguments Mr. Allen attempts to raise in his current Rule 60(b) motions, because these motions are not based on newly discovered evidence or a new rule of constitutional law, the Court concludes that dismissal is appropriate.

This Court denies without prejudice Mr. Allen's pending motions filed under Rule 60(b), which this Court construes as a second or successive habeas petition pursuant to 28 U.S.C. § 2255 (Dkt. Nos. 258–60, 265–66). This Court holds that a certificate of appealability issued by the Eighth Circuit granting permission to file a second or successive § 2255 petition is required before this Court may review the merits of any second or successive petition, and Mr. Allen has not obtained such a certificate from the Eighth Circuit. Further, and for these same reasons, this Court denies without prejudice Mr. Allen's motion for post-conviction evidentiary hearing in relation to motion for relief from judgment under Rule 60(b)(6), motion for relief hearing, motion for immediate release from F.B.O.P. custody, motion of production, a second motion of production, a motion to compel Court to recognize crime victim's rights, a motion for jury demand, and a fourth motion of production (Dkt. Nos. 261–64, 267–70).

It is so ordered this 2nd day of September, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge